**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ADAM WARD**, *on behalf of himself and others similarly situated*,<br><br>*Plaintiff*,<br>v.<br><br>**LIBERTY MUTUAL INSURANCE COMPANY**,<br><br>*Defendant*. | Case No.: 1:24-cv-10526-BEM<br><br>Hon. Brian E. Murphy |

**PLAINTIFF'S ASSENTED-TO MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL TO FORTHCOMING OPPOSITION TO DEFENDANT'S MOTION TO AMEND DISCOVERY RESPONSES**

Plaintiff, Adam Ward ("Ward" or "Plaintiff") hereby files this motion for leave to file under seal a certain exhibit to his forthcoming Memorandum in Opposition to Defendant Liberty Mutual Insurance Company ("Liberty" or "Defendant")'s Motion to Amend Its Responses to Plaintiff's Second Set of Requests for Admission. [Dkt. 72.] Liberty assents to the motion to seal.

Ward will file his opposition to the motion to amend on July 7, 2026. In connection with that opposition brief, Ward will attach the following document as an exhibit:

- **Exhibit I**: Excerpts of the transcript of the deposition of Defendant's expert witness, David Kalat.

This exhibit contains information designated as "Confidential" by Defendant, relating to Defendant's business practices as well as the expert witness's proprietary system. The Protective Order entered on November 26, 2024 (Dkt. 24) dictates that documents designated "Confidential" be filed under seal, so long as the confidentiality has not been challenged, and it would be consistent with the Rules of Civil Procedure and Local Rules of this District to permit filing under

seal. (Dkt. 24, p. 9, § VI.) Plaintiff does not challenge the confidentiality of the above-mentioned exhibit.

"A party seeking to file a document under seal must demonstrate that 'good cause' exists to do so." *Bradford & Bigelow, Inc. v. Richardson,* 109 F. Supp. 3d 445, 447 (D. Mass. 2015) (quoting *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, No. CIV.A. 07-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008)). This serves to honor the public's longstanding access to trials and pre-trial motions as well as judicial resources. *Bradford & Bigelow*, 109 F. Supp. 3d at 447.

> What constitutes 'good cause,' and therefore what concerns can justify a document being filed under seal, depends on the nature of the filing. The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher burden to overcome it.

*Id.* There is "no public right of access to unfiled discovery materials" whereas "the public interest is strongest… for documents introduced at trial or included in an appellate record." *Id.* at 447-448.

Here, good cause exists to file the requested exhibit under seal. Pursuant to the Protective Order signed by the Court on November 26, 2024, this exhibit has each been designated as "Confidential" by Defendant, as it includes business information Defendant considers to be sensitive and/or proprietary. The exhibit would appear to be akin to "unfiled discovery materials" and therefore is not subject to a public right of access. The entirety of the reply brief is public as is Plaintiff's moving brief and most of the exhibits in support of class certification. Only limited documents have been filed under seal, and the public right of access has, by and large, not been impeded. Furthermore, Plaintiff has previously moved to file this same document under seal in connection with his Reply in Support of his Motion to Certify Class (ECF No. 60), which was granted (ECF 62).

For these reasons, with the assent of Defendant Liberty Mutual, Plaintiff Adam Ward hereby moves this Court for leave to file the excerpts of David Kalat's deposition transcript under seal in connection with his forthcoming opposition to Defendant's motion for leave to amend discovery responses.

Dated: July 7, 2026

Respectfully submitted,

KIMMEL & SILVERMAN, P.C.

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq. (*phv*)
30 East Butler Avenue
Ambler, PA 19002
Telephone: (267) 468-5374
Fax: (877) 788-2864
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

THE WEITZ FIRM, LLC

Max Morgan, Esq.
1515 Market Street Ste #1100
Philadelphia, PA 19102
Phone : 267-587-6240
Fax: 215-689-0875
Email: Max.Morgan@theweitzfirm.com
*Attorneys for Plaintiff*

BURKE LAW OFFICES, LLC

Alexander H. Burke
909 Davis Street, Suite 500
Evanston, IL 60201
(312) 729-5288
ABurke@BurkeLawLLC.com
*Attorneys for Plaintiff, Adam Ward*

**LOCAL RULE 7.1 CERTIFICATION**

I, Jacob U. Ginsburg, hereby certify that, on July 7, 2026, I conferred with Defendant's counsel Patrick Tracey, regarding the issues raised by this Motion. Mr. Tracey advised Liberty Mutual assents to this motion.

Dated: July 7, 2026

*/s/ Jacob U. Ginsburg*_______
Jacob U. Ginsburg, Esq.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the above written date, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

Dated: July 7, 2026

*/s/ Jacob U. Ginsburg*_____________
Jacob U. Ginsburg, Esq.